JAMES L. BATES *vs.* INHABITANTS OF EIGHTH SCHOOL DISTRICT IN WEYMOUTH.

A person residing in one town and carrying on his trade in another town, where he hires a shop, is not liable to be assessed on his stock in trade for money raised to build a school-house in the district where he resides, under the Rev. Sts. *c.* 7, § 10, and *c.* 23, § 33.

ACTION OF CONTRACT to recover back the amount of a tax assessed by the defendants upon the plaintiff's stock in trade in Boston, (where the plaintiff hired and occupied a shop, and had his usual place of business, and paid taxes on his stock,) for the purpose of building a new school-house in the eighth school district in Weymouth, in which the plaintiff resided. The plaintiff had no personal property in Weymouth, and paid the tax under protest. The case was submitted to the judgment of the court upon these facts.

*J. J. Clarke*, for the plaintiff.

*S. Wells*, for the defendants. By the express language of the statute, " in raising and assessing money in the several school districts, every inhabitant shall be taxed in the district in which he lives, for all his personal estate." Rev. Sts. *c.* 23, § 33. Section 37 requires the assessment to be made " in the same manner," not on the same property, " as town taxes are assessed " The Rev. Sts. *c.* 7, §§ 9, 10, apply only to taxes by towns for town purposes, which are governed by different rules from school district taxes. *Pease* v. *Whitney*, 5 Mass. 380. *Taft* v. *Wood*, 14 Pick. 362. *Savary* v. *School District in Georgetown*, 12 Met. 178. The general provision of *c.* 7, § 16, that the assessors shall assess " according to the rules prescribed in this chapter " all school district taxes, refers only to general rules, and is controlled by the specific rule of *c.* 23, § 33.

The general rule is that personal property shall be taxed where the owner resides. Of two exceptions to this rule in the case of town taxes — property where the owner does business; and machinery in corporations — the second is expressly carried into the school district law, but not the first, and a third excep-

tion added, of land not under his actual improvement, thus showing an intentional omission of the exception of stock in trade. Rev. Sts. *c.* 7, § 9; § 10, *cls.* 1, 2; *c.* 23, §§ 33, 34. The exemption from taxation of the property and polls mentioned in Rev. Sts. *c.* 7, § 5, is an absolute exemption, and not a mere exception as to the place of taxation, and therefore did not require to be repeated in *c.* 23.

The defendants are a corporation, of which the plaintiff is a member, and liable to taxation in the same manner as a member of a parish. Rev. Sts. *c.* 23, §§ 27, 28, 57, 58; *c.* 20, §§ 18, 30.

Public policy and reason require that persons should be taxed on their stock in trade, for building school-houses in the district where they reside and their children attend school. It is no conclusive objection, that by going into another town to trade, the plaintiff has subjected himself to double taxation. *Tremont Bank* v. *Boston*, 1 Cush. 142. By the rule contended for, if the plaintiff should do business in another town where the district system also prevailed, he would escape taxation altogether for building school-houses.

DEWEY, J. This case presents a new question of taxation, and requires a judicial construction of different provisions on that subject, that are apparently somewhat in conflict. If we were to look solely at the enactment found in Rev. Sts. *c.* 23, § 33, we should find the provision to be that " in assessing money in the several school districts, every inhabitant of the district shall be taxed in the district in which he lives, for all his personal estate." This provision, literally construed, and disregarding other statute provisions on the subject of taxation, would fully authorize the assessment in the present case, and justify the defendants in retaining the money received by them from an assessment upon the plaintiff.

The Rev. Sts. *c.* 7 contain the more general provisions regulating the whole subject of taxation. Among other provisions of this chapter, those of section 10, *cl.* 1, are important to be considered. By that clause it is enacted " that all goods, wares and merchandise or any other stock in trade, in towns within the

state, other than where the owners reside, shall be taxed in those towns, if the owners hire or occupy stores, shops or wharves therein, and shall not be taxable where the owners reside." The tax assessed upon the plaintiff for a school district tax was upon property embraced in the section just recited, being stock in trade in Boston, the plaintiff hiring and occupying a shop in Boston. As respects an assessment under any votes of the town of Weymouth raising money, there can be no question but that the plaintiff's property in Boston was exempt therefrom, the same being by statute the subject of taxation for all municipal objects solely in Boston.

The inquiry then arises whether the provisions of *c.* 23, § 33, are to be taken in their broadest sense, or to be qualified by the statute last cited, and other general enactments regulating the system of taxation. When therefore it is said that every inhabitant of the district shall be taxed for "all his personal estate," is it to be understood as meaning literally all his personal property, or only as meaning all that might be taxed for municipal purposes by the town in which the district is situated? There are no words of exception, not even of articles exempt by the general law from taxation, and literally all his household furniture, his wearing apparel, tools of trade, and all those articles exempt from taxation by clauses 4 & 6 of *c.* 7, § 5, would be liable to be taxed for a school district tax. We do not suppose however that it was intended thereby to authorize school districts to raise money by assessment on the property thus exempted.

In practically following out this matter more fully, it will be perceived that the property which was taxed by the assessors of Weymouth under a vote of the school district, for the purposes of building a school-house, was liable to taxation in Boston, and was in fact taxed in Boston for similar objects. The statute authorizes the inhabitants of each town, if they shall see fit, to raise money for building school-houses at the common expense of the town, instead of resorting to district taxation. This is done in the larger towns and cities. This property of the plaintiff was by the general law of taxation therefore liable to

assessment for all municipal purposes, including building school-houses, in Boston, the assessment being general, and embracing all sums voted by the municipal authorities for school-houses and other charges. It will be seen that double taxation must of course result from giving that effect to *c.* 23, § 33, which the defendants urge upon us. Seeing this result, we are to consider whether the expression in *c.* 23, § 33, "all his property" must not be limited, and be taken and construed with reference to the previous provision in *c.* 7, § 10.

It seems to us the more proper construction of the statute to hold that the stock in trade in Boston, which is by law there taxable for all objects, is thereby withdrawn from all further liability for taxation for similar objects elsewhere, and is not the subject of a school district tax in Weymouth. It is quite obvious that if Weymouth had adopted the system of many other towns, and which it was authorized to adopt, that of building its school-houses at the common expense of the town, no tax could have been assessed on this property in Boston by Weymouth, for money raised to build school-houses. This fact seems to bear very strongly upon the effect to be given to the argument, much pressed upon us, that public policy and reason require, and the legislature must be presumed to have designed, that an inhabitant of a school district dwelling therein, and having the benefit of the school-house for educating his children, should be assessed upon all his property invested in trade or business wherever it might be. But it has already been seen that such would not be the case, if the town at large provided such school-houses.

Again; if this argument has any weight, we should expect to see it practically applied to another portion of taxation of much greater relative importance, that of assessment for money raised annually for the support of schools. In the benefits of this money thus raised the plaintiff has a direct participation, and should therefore be taxed for it by an assessment on all his property wherever situated, quite as much as he should for the purpose of building a school-house. Yet it is an uncontroverted fact that his stock in trade in Boston in a store there is not

.iable to be assessed for a dollar of the money raised by the town of Weymouth for supporting a school in the district in which the plaintiff resides.

We come to the result therefore that this stock in trade in Boston is not to be taxed for building a school-house in Weymouth, upon the vote of the district in which the plaintiff was an inhabitant, and that for such purposes its liability to taxation is limited to Boston.

It was suggested in the argument for the defendants that a somewhat analogous case of property liable to taxation elsewhere, being also made liable to a local taxation in the place of the residence of the owner, might be found to exist in relation to assessments for the support of religious worship as provided by Rev. Sts. c. 20, §§ 18, 30. No doubt such taxation under that statute may reach property that was not liable to a town assessment upon the same individual, as all his property (not exempt from taxation) and all his real estate within the State may be thus assessed. But the same statute obviates all the objections arising from double taxation by the further provision that no person shall be liable to any tax for the support of religious worship, to any other parish or religious society than that of which he is a member.

Another ground, upon which some reliance seemed to be placed, was, that the Rev. Sts. c. 23, §§ 33, 36, 38, had made provisions discriminating between lands owned by an inhabitant of a school district, and not under his cultivation, as well as for the cases of real estate and machinery belonging to manufacturing corporations, and of real estate owned by nonresidents, providing how and where they shall be taxed; and having made these exceptions, it is said that this excludes the idea of any other exception of property of the inhabitants of the district. It will be seen however that all these provisions relate to property situated within the town, and go no further; and we do not think the argument from this source sufficient to control the other considerations which have led us to the result already stated, that the personal property of the plaintiff, subject by the provisions of c. 7, § 10, to be taxed in Boston for all municipa'

purposes, including that of building school-houses, was with drawn from all liability for taxation for building a school-hous in Weymouth, of which the plaintiff was an inhabitant.

*Judgment for the plaintiff.*